UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENNAN CAIN,

    Plaintiff,                                  Case No. 19-10086
                                               HON. VICTORIA A. ROBERTS

v.

UNIVERSITY OF MICHIGAN, et al.,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [ECF No. 6] AND DISMISSING THE COMPLAINT WITH PREJUDICE

Plaintiff Brennan Cain ("Cain") filed this case against the University of Michigan and the University of Michigan-Dearborn ("Defendants"), alleging one claim: discrimination and retaliation in violation of the Family and Medical Leave Act ("FMLA"). Defendants move to dismiss this complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Defendants also seek costs.

This case is duplicative of an earlier case Cain filed. The Court dismissed Cain's first lawsuit against Defendants – which alleged the same FMLA claim as this case – based on the sovereign immunity clause of the Eleventh Amendment. In response to Defendants' motion to dismiss in that

1

case, Cain requested she be given leave to file an amended complaint against her former supervisor, Rita Gordon. The Court denied the request:

> In the conclusion of her response, Cain asks to file an amended complaint in the alternative, or in addition, to denying Defendants' motion. Plaintiff's request is denied. See *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("Both because the plaintiffs did not present an adequate motion and because they did not attach a copy of their amended complaint, the district court did not abuse its discretion in refusing to allow the plaintiffs to amend their complaint based on the final sentence of the plaintiffs' memorandum in opposition.").

Case No. 18-12421, ECF No. 7, PageID.327.

Despite her request in the earlier case to file an amended complaint against Gordon, Cain did not name Gordon in this case. Instead, she filed the same claim the Court already dismissed, against the same Defendants.

In her Response to Defendants' Motion to Dismiss this case, Cain concedes that Defendants are immune. ECF No. 7, PageID.63. ("Plaintiff does not deny that Defendant is a State actor, subject to sovereign immunity for certain civil violations, including disability discrimination, in its role as an employer."). However, Cain says the Court should not grant Defendants' Motion because ""[she] is still permitted to seek – from Ms. Gordon in her official capacity – prospective injunctive relief." *Id.* at PageID.69. She then refers to a new complaint – which she attaches as an exhibit to her Response – alleging a 42 U.S.C. § 1983 claim against Gordon. As the Court already

2

explained to Cain, this is not proper. *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("Both because the plaintiffs did not present an adequate motion and because they did not attach a copy of their amended complaint, the district court did not abuse its discretion in refusing to allow the plaintiffs to amend their complaint based on the final sentence of the plaintiffs' memorandum in opposition."); *Louisiana Sch. Employees' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) ("A request for leave to amend[,] 'almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend.'" (citation omitted)).

The proper route for Cain to follow to amend a complaint is governed by the Federal Rules of Civil Procedure.

The Court **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** this case against these Defendants **WITH PREJUDICE**.

Moreover, because Cain's attorneys' decision to file the same claim previously dismissed against the same Defendants was inexcusable and frivolous, the Court **GRANTS** Defendants' request for costs. Cain's attorneys must cover Defendants' costs associated with defending this action, up to $1,000. Defense counsel must file a bill of costs by November 20, 2019. Cain's attorneys must pay Defendants by December 20, 2019.

**IT IS ORDERED.**

Date: November 8, 2019					s/ Victoria A. Roberts
							Victoria A. Roberts
							United States District Judge